IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EMILY MCDUFFIE and BRITTNEY MCDUFFIE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CARLEX GLASS AMERICA, LLC; | ) ) | NO. 3:20-cv-00370 |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO, LOCAL UNION NO. 737; and | ) ) ) ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM

Pending before the Court is a motion to dismiss filed by the Union Defendants – International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, AFL-CIO, Local Union No. 737 ("Local 737") and International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, AFL-CIO ("UAW") (collectively "Unions"). (Doc. No. 11). Plaintiffs Emily McDuffie and Brittney McDuffie responded to the motion (Doc. No. 15) and the Union Defendants filed a reply (Doc. No. 16).

### I. BACKGROUND

Plaintiffs Brittney McDuffie and Emily McDuffie are sisters who both worked at Carlex Glass America, LLC ("Carlex"). (Compl., Doc. No. 1-2, ¶ 15-16). Plaintiffs were both terminated

on December 9, 2019 – a termination they contend was unjustified. (*Id.*, ¶ 37). At the time they were terminated, Brittney had been working for Carlex for approximately three years. (*Id.*, ¶¶ 17, 40). Emily, on the other hand, had only recently begun working at Carlex – she had been there for less than three months and was considered a probationary employee. (*See* Separation Notice, Compl. Ex. D, Doc. No. 1-2 at PageID# 78).

Carlex is party to a Collective Bargaining Agreement (the "CBA") with the Unions. (*Id.*, ¶ 18). Following the termination of both Plaintiffs, Local 737 filed grievance letters on their behalf with the employer. (Compl., Doc. No. 1-2, ¶ 44 and Ex. E). In both cases, Local 737 argued that termination was "too harsh" a penalty. (*Id.*). Carlex denied both grievances. (*Id.*, ¶¶ 45-46 and Ex. E). Following Carlex's denial of their grievance petitions, the Plaintiffs requested that Local 737 submit their cases to arbitration, as provided for in the CBA. (*Id.*, ¶ 47). Local 737 did not respond to the Plaintiffs' request to submit their grievances to arbitration. (*Id.*, ¶ 79).

Plaintiffs thereafter filed this lawsuit asserting claims for breach of contract and statutory retaliatory discharge against their former employer Carlex, and a negligence claim against the Unions asserting they breached their duty of fair representation under the CBA. (Compl., Doc. No. 1-2). The Unions move to dismiss the claim against them arguing: (1) Emily McDuffie was a probationary employee and not entitled to the CBA grievance procedure; (2) the Plaintiffs failed to exhaust internal union remedies; and (3) the Complaint does not make allege conduct specific to UAW. (*See* Doc. Nos. 11, 12).

## II.     STANDARD OF REVIEW

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

2

Case 3:20-cv-00370   Document 24   Filed 12/22/20   Page 2 of 6 PageID #: 172

is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed under Rule 12(b)(6). *Id*. at 683.

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008). The following documents relevant to the motion to dismiss are attached to the Complaint, and, therefore, will be considered by the Court: Collective Bargaining Agreement between Carlex and the Unions (Ex. C); separation notices (Ex. D); and grievance petitions (Ex. E).

### III. ANALYSIS

Plaintiffs bring a negligence claim against the Unions alleging the Unions breached their duty of fair representation. Although Plaintiffs have characterized their claim as "negligence," the claim that a union breached its duty of fair representation is properly considered as a claim under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[1] *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (holding that a state-law claim substantially dependent upon the terms of a labor agreement must either be treated as a Section 301 claim or dismissed as pre-empted by federal labor-contract law); *Maynard v. Revere Copper Prod., Inc.*, 773 F.2d 733, 735 (6th Cir. 1985) (holding that employee claim against union for breach of the union's duty of fair representation was preempted by Section 301).

Before filing suit against a union for breach of the duty of fair representation, a plaintiff must exhaust internal union remedies. *Chapman v. United Auto Workers Local 1005*, 670 F.3d 677, 683 (6th Cir. 2012) (en banc). "Exhaustion is mandated in order to give the Union an opportunity to rectify the alleged wrongs about which the plaintiffs complain." *Spicer v. Ford*

---

[1] Plaintiffs do not dispute that the claims in this case, which include a claim for breach of contract against the employer and a claim alleging breach of the duty of fair representation constitute a "hybrid" Section 301 suit under the LMRA. (Pl. Resp., Doc. No. 15 at 6).

4

*Motor Co.*, 491 F. App'x 543, 545 (6th Cir. 2012) (citing *Chapman*, 670 F.3d at 683). Plaintiffs can avoid the exhaustion requirement if they can show that "(1) the Union is so hostile to them that they have no hope of obtaining a fair hearing on their claims; (2) internal union appeals procedures are inadequate to provide relief or reactivate their grievances; or (3) exhaustion would unreasonably delay their chances to obtain a judicial hearing on the merits of their claim." *Id.* (citing *Clayton v. Int'l Union*, 451 U.S. 679, 689 (1981)). To survive a motion to dismiss, Plaintiffs must either allege they exhausted internal union remedies or allege facts that make a plausible showing that one of the exceptions applies. *See Spicer*, 491 F. App'x at 546 (affirming dismissal when plaintiffs did not allege facts to explain why they did not pursue an appeal [within the union] before filing suit).

As an initial matter, Defendants assert that Emily McDuffie, as a probationary employee, had no right to the CBA grievance procedure. Plaintiff Emily McDuffie does not contest that she was a probationary employee and not entitled to the grievance procedure. (*See* Doc. No. 15 at 4). She did not respond to the Unions remaining arguments and appears to agree that her claims against the Unions should be dismissed. Accordingly, the Court will proceed to consider the Defendants remaining arguments only as they apply to Brittney McDuffie.

The Union Defendants argue Brittney McDuffie's fair representation claim should be dismissed because she did not exhaust internal union remedies. Brittney McDuffie concedes that "she did not explicitly allege that she exhausted internal union remedies within the Complaint." (Pl. Resp., Doc. No. 15 at 9). She argues however, that the internal union appeals procedures are inadequate to provide relief or reactivate the grievance, and that her claims, therefore, fall within an exception to the exhaustion requirement. (*Id.*).

5

The adequacy of internal union remedies cannot be determined by the Court on this motion to dismiss. Although there is some reference to the UAW Constitution and UAW internal procedures in other cases, including those decided by the Supreme Court, those facts have not been alleged in the Complaint and are not before *this* Court in *this* case. Here, Plaintiff has alleged neither exhaustion, nor any facts showing why the exhaustion requirement does not apply.

Moreover, even if the Court were to consider Plaintiff's arguments regarding the adequacy of the unions' internal processes, she has not shown that the union cannot afford complete relief. Even if, as Plaintiff argues, she cannot obtain complete relief from Carlex because the CAB limits the employers' obligation with regard to back pay, that does not show that Plaintiff could not be awarded complete relief by the union. In fact, based on the allegations in the Complaint, the Court knows almost nothing about the Unions' internal procedures or what relief they have the capacity to award.

Because Plaintiff has not alleged exhaustion of internal union remedies or facts to establish that exhaustion is not required, the Union Defendants' Motion to Dismiss will be **GRANTED**. However, Plaintiff is granted leave to amend the Complaint to adequately allege exhaustion or facts showing why exhaustion should not be required. In light of this disposition, the Court will not address the adequacy of the allegations regarding UAW specifically.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

6

Case 3:20-cv-00370  Document 24  Filed 12/22/20  Page 6 of 6 PageID #: 176